<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

E.K.,

                      Plaintiffs,

v.

LINDSEY M. MASSARO, ET AL.,

                      Defendants.

Civ. No. 12-2464 (ES)

**O P I N I O N**

*Appearances by:*

MARTIN MELODY LLC
By: Eugene Melody, Esq.
Sycamore Commons
44 Sycamore Avenue, Suite 3A
Little Silver, New Jersey 07739

    *Attorney for Plaintiff*

HILL WALLACK LLP
By: Jeffrey Shanaberger, Esq.
202 Carnegie Center
Princeton, NJ 08543

    *Attorneys for Defendants Frankford Board of Education, Monica Orr, and Braden Hirsch*

<u>**DEBEVOISE, Senior District Judge**</u>

    This matter arises out of an illegal sexual relationship between Plaintiff E.K. and Defendant Lindsey Massaro. On April 26, 2012, E.K. filed a Complaint against Defendants Massaro, Monica Orr, Braden Hirsch, and the Frankford Board of Education ("the Board") (Orr,

Hirsch, and the Board are collectively referred to as the "BOE Defendants"), asserting claims under 42 U.S.C. §§ 1983 and 1988, for violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; Title IX, 20 U.S.C. § 1681 et seq.; the New Jersey Law Against Discrimination ("NJLAD") N.J.S.A. 10:5-1 et seq.; various unspecified provisions of New Jersey State Law; specific provisions of New Jersey State Law requiring boards of education to establish policies to stop child abuse; and against Ms. Massaro alone for intentional infliction of emotional distress.  The Complaint sought an order requiring BOE Defendants to conduct "psychological evaluations . . . of proposed student teachers prior to permitting students to participate in a clinical student-teaching or similar clinical experience," compensatory and punitive damages, and attorney's fees.

On June 11, 2012, BOE Defendants moved to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).  In opposing the motion, Plaintiff simultaneously filed a Motion to Amend the Complaint, along with a proposed Amended Complaint.  BOE Defendants opposed Plaintiff's Motion to Amend the Complaint.  On December 19, 2012, the Court held a status conference at which Plaintiff agreed to withdraw the Motion to Amend the Complaint and re-file that Motion with a new proposed Amended Complaint.  Thus, the Court entered an Order dismissing Plaintiff's Motion to Amend the Complaint without prejudice.

Plaintiff now moves to amend the Complaint, pursuant to Federal Rule of Civil Procedure 15.  In doing so, he names additional Defendants, including Centenary College, Maryanne Pratschler, John Sandri, Jane Fialcowitz, Jane Gardner, Elizabeth Abruzzo-Narducci, John Hansen, Greg Symons, and Dennis DeGroat, and sets forth additional facts in support of his claims.

The proposed Amended Complaint sets forth the following causes of action: (1) against Massaro, BOE Defendants, Fialcowitz, and Gardner for various constitutional violations, pursuant to Section 1983; (2) against Massaro and BOE Defendants for violations of Title IX; (3) against all Defendants for criminal sexual assault under N.J.S.A. 2C:14-2, and criminally endangering the welfare of a child under N.J.S.A. 2C:24-4; (4) against Massaro and BOE Defendants for assault, battery, and acts of official misconduct; (5) against Massaro for violations of her legal duty of care to Plaintiff under New Jersey Law; (6) against Massaro for intentional infliction of emotional distress; (7) against all Defendants, except Massaro, for negligent supervision; (8) against Centenary College for negligent supervision; (9) against BOE Defendants for negligent hiring and retention; (10) against BOE Defendants for failing to establish certain policies and procedures to detect and prevent against child abuse, in violation of various provisions of New Jersey law; (11) against Centenary College, Pratscher, and Sandri for similarly failing to establish certain policies and procedures to detect and prevent against child abuse, and for failing to supervise Massaro as a student-teacher; (12) against Massaro, BOE Defendants, Fialcowitz, Gardner, Abruzzo, DeGroat, Hansen, and Symons for violations of the NJLAD; (14) against unnamed mental health professionals for unspecified violations of New Jersey law; and (15) against Gardner, Fialcowitz, Ms. Orr for failure to supervise Massaro in violation N.J.A.C. 6A:9-10.3.[1]

For the reasons set forth below, Plaintiff's Motion to Amend the Complaint is GRANTED in part and DENIED in part.

I.  BACKGROUND

---

[1] The proposed Amended Complaint withdraws a prior cause of action against all Defendants for violation of New Jersey's Child Sexual Abuse Act.

3

In January 2009, Massaro was a student at Centenary College where she was pursuing a degree in education. In order to receive that degree, Massaro was required to serve for a semester as a Student-Teacher at a local school. Thus, she was assigned as a Student-Teacher to the Board, which, in turn, placed her in the Frankford Township Elementary School ("Frankford").

E.K. was an eighth-grade student at Frankford at the same time that Massaro was serving there as Student-Teacher. In addition, E.K. attended a special education class that was taught by Massaro under supervision. During their overlap at Frankford, Massaro pursued a sexual relationship with E.K. In doing so, she gave her telephone number to another student at the school, who gave it to another student, who then gave it to E.K.

On one occasion, she followed E.K. to gym class and watched him participate. Massaro also took E.K. to her house where they had sexual intercourse in her bedroom.[2] On another occasion, Massaro "kissed E.K. . . . in the school parking lot," and "performed oral sex on E.K. in the same school parking lot." (Proposed Amend. Compl. ¶¶ 39, 40). On yet another occasion, Massaro wrote E.K. a love note.

In February 2009, E.K.'s mother suspected that Massaro and her son were in a sexual relationship. Consequently, she contacted Orr, Frankford's principal, to voice her concern. Orr told E.K.'s mother that she would "'check into it.'" (Id. ¶ 29.) However, neither Orr nor anyone else from Frankford or the Board followed up with E.K's mother. To be sure, Massaro's and E.K.'s sexual relationship continued after E.K.'s mother voiced her concern.

---

[2] On one occasion, another male student at Frankford waited in the bathroom of Massaro's bedroom while Massaro and E.K. had sexual intercourse.

4

Sometime thereafter, Massaro was removed "from the eighth grade class setting and placed . . . in the fifth grade class setting." (Id. ¶ 48.) However, her and E.K's sexual relationship continued. E.K.'s parents then complained to law enforcement, which resulted in Massaro's arrest on March 30, 2009. Orr then contacted E.K.'s mother and explained that E.K. "could not attend school because it was causing disruption in the classroom because of what had happened with [Massaro]." (Id. ¶ 50.) "E.K. never received any home tutors or other scholastic assistance for the remaining part of that year." (Id.)

On June 2, 2009, Abruzzo, a teacher at Frankford, drafted an email to an unspecified recipient, stating that "'My sexual abuse seminar last night was thrilling. Actually, I experienced some Catholic guilt in realizing just how many 'warning signs' Lindsey gave off. Oh well . . . now, at least I know for the future.'" (Id. ¶ 32.)

On February 14, 2011, in New Jersey Superior Court, Massaro pleaded guilty to sexual assault and was sentenced to three years in prison, lifetime probation, lifetime membership on the sex offender registry, and loss of any and all teaching certificates and the ability to work with children.

## II.   DISCUSSION

Plaintiff now moves to amend the Complaint, pursuant to Federal Rule of Civil Procedure 15. In doing so, they argue that (1) the proposed Amended Complaint sets forth facts showing that Defendants had actual notice of Massaro's and E.K.'s sexual relationship to sustain claims under Section 1983 and Title IX; (2) the New Jersey Tort Claims Act does not bar liability for negligent hiring or supervision in the face of an employee's criminal or willful conduct; and (3) the NJLAD provides a cause of action against Defendants for sexual harassment of a public school student.

5

BOE Defendants oppose portions of the motion, arguing that Plaintiff (1) fails to allege any facts to support a claim under Section 1983 premised on a failure to train or supervise; (2) as a matter of law, cannot assert claims against individuals under Title IX; (3) cannot assert tort claims under a theory of respondeat superior because that theory is barred by the New Jersey Tort Claims Act; (4) fails to allege negligence as to all Defendants; and (5) fails to show how BOE Defendants engaged in discriminatory conduct to sustain a claim under the NJLAD.[3]

**A.   Standard of Review**

In general, "leave [to amend a pleading] should be 'freely given when justice so requires.'" Winer Family Trust v. Queen, 503 F.3d 319, 330 (3d Cir. 2007) (quoting Fed. R. Civ. P. 15(a)). However, "a District Court may deny leave to amend on the grounds that amendment would cause undue delay or prejudice, or that amendment would be futile." Id. at 331-32 (quotation omitted). "[A]n amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted." In re NAHC, Inc. Secs. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (quotation omitted). Accordingly, the allegations in the complaint must be sufficient to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The District Court determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff." Winer Family Trust, 503 F.3d at 331.

**A.   Claims under Section 1983**

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or

---

[3] BOE Defendants also argue that Plaintiff must state E.K.'s full name in any Amended Complaint because E.K. was no longer a minor at the time the original Complaint was filed. Plaintiff has agreed to do so.

causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  42 U.S.C. § 1983.

Section 1983 does not create substantive rights; rather "it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." Kneip v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  In order to establish a claim under Section 1983, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of his rights, privileges, or immunities secured by the Constitution or laws of the United States.  Powell v. Ridge, 189 F.3d 387, 400 (3d Cir.1999).

The proposed Amended Complaint sets forth a cause of action under Section 1983 against Massaro, BOE Defendants, Fialcowitz, and Gardner for violations of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[4]  There is no dispute that, as a Student-Teacher at Frankford, Ms. Massaro's sexual relations with E.K. amounts to state action in violation of E.K.'s Due Process Rights under the Fourteenth Amendment.  See Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 727 (3d Cir. 1989) ("Reasonable officials would have understood the 'contours' of a student's right to bodily integrity, under the Due Process Clause, to encompass a student's right to be free from sexual assaults by his or her

---

[4] Within Plaintiff's cause of action under Section 1983 are references to deprivation of E.K.'s due process rights in violation of the Fourth and Fifth Amendments to the United States Constitution.  However, there are no allegations suggesting an unlawful search or seizure under the Fourth Amendment, see Katz v. United States, 389 U.S. 347, 350 (1967), or federal action that implicates the Due Process Clause of the Fifth Amendment, see Mallory v. Hogan, 378 U.S. 1, 26 (1964).  Consequently, to the extent Plaintiff seeks to assert claims under Section 1983 based on violations of the Fourth and Fifth Amendments, those claims are dismissed with prejudice.

teachers."). However, BOE Defendants contend that (1) the proposed Amended Complaint fails to allege any facts indicating liability under Section 1983 against the Board or any individual Defendant, except Massaro; (2) the individual Defendants cannot be sued in their official capacities under Section 1983; and (3) Plaintiff cannot seek punitive damages in this case under Section 1983.

### i. Claims against the Individual Defendants

To hold an individual liable under Section 1983, Plaintiff must show that the individual had "personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Atkinson v. Taylor, 316 F.3d 257, 270 (3d Cir. 2003) (quoting Rhode v. Delarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge or acquiescence." Id.

The proposed Amended Complaint clearly shows individual liability on the part of Massaro, who personally sexually assaulted E.K., and Orr, who was informed by E.K.'s mother that her son was in a sexual relationship with Massaro. However, it fails to show personal involvement on the part of any other individual Defendant. Indeed, there are no allegations whatsoever tending to show any personal direction, actual knowledge, or acquiescence.[5] Accordingly, Plaintiff's claims under Section 1983 against the individual Defendants in this matter, except those against Massaro and Orr, are dismissed.

---

[5] While the proposed Amended Complaint references an email written by Abruzzo stating that her sexual harassment seminar made her realize, in retrospect, that Ms. Massaro had given off a number of warning signs, that seminar took place after Ms. Massaro's arrest. Consequently, that allegation does not plausibly suggest that Abruzzo had actual contemporaneous knowledge that Massaro was sexually assaulting E.K and cannot serve to sustain a claim of individual liability under Section 1983.

8

### ii. Claims Against the Board

The proposed Amended Complaint asserts Section 1983 claims against the Board based on (1) the failure to supervise Massaro's activities; (2) the failure to adopt policies to ferret out and respond to sexual abuse; (3) perpetuating a policy or custom whereby instances of sexual abuse are not investigated and dealt with; (4) the failure to train Student-Teachers and other Board employees to combat sexual harassment; and (5) continuing to allow Massaro to serve as a Student-Teacher at Frankford, even after discovering that she had sexually assaulted E.K.

As set forth below, the proposed Amended Complaint fails to set forth a policy, custom, or failure to train under Section 1983. Consequently, Plaintiff's claim against the Board under Section 1983 is dismissed.[6]

#### a. The Board's Policy or Custom

In contrast to the concept of individual liability, a local government entity, including a school board, may be held liable under Section 1983 for a constitutional violation if the violation occurred as a result of a policy or custom established or approved by that entity. C.H. v. Oliva, 226 F.3d 198, 202 (3d Cir. 2000) (citing Monell v. Dep't of Soc. Servs. Of City of New York, 436 U.S. 658 (1978)). The policy or custom must also have been the proximate cause of the constitutional violation. Beck v. City of Pittsburgh, 89 F.3d 966, 972 (3d Cir. 1996). "If the policy or custom does not facially violate federal law, causation can be established only by demonstrating that the municipal action was taken with deliberate indifference as to its known or

---

[6] Dismissal of Plaintiff's Section 1983 claim against the Board renders moot BOE Defendants' contention that Plaintiff cannot seek punitive damages from the Board. It further bars Plaintiff's ability to press claim under Section 1983 against individual Defendants in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) (Lawsuits against a public employee in his or her official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." (quotation omitted)).

obvious consequences. . . . A showing of simple or even heightened negligence will not suffice." Chambers v. Sch. Dist. of Philadelphia, 587 F.3d 176, 193 (3d Cir. 2009).

In the context of municipal liability under Section 1983, a policy is an "official proclamation, policy, or edict" made by "a decisionmaker with final authority" to do so. Beck, 89 F.3d at 971 (internal quotations and citations omitted). In contrast, a custom is "a course of conduct . . . though not authorized by law . . . [that] is so permanent and well-settled as to virtually constitute law." Id. A custom "may also be established by evidence of knowledge and acquiescence." Id.

In Natale v. Camden County Corr. Facility, 318 F.3d 575 (3d Cir. 2003), the Court of Appeals discussed three categories of municipal employee conduct that may be found to be the result of a policy or custom of the municipal entity employer, thereby rendering the entity liable under Section 1983. The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy." Natale, 318 F.3d at 584. The second occurs when "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself." Id. The third arises where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'" Id. (footnote and citations omitted).

The proposed Amended Complaint fails to identify a statement of policy from the Board or an act of a policymaker that in any way relates to sexual abuse at Frankford. In addition, while Hirsch, as the Board's alleged policymaker, failed to act in the face of E.K.'s sexual abuse,

10

such inaction cannot be said to exhibit a deliberate indifference to sexual abuse of students. There are no allegations suggesting either (1) that Hirsch had any knowledge that Massaro was in a sexual relationship with E.K; (2) a larger pattern of sexual abuse at Frankford or elsewhere within the Board's jurisdiction; or (3) that Student-Teachers or other teachers would, in the course of their duties, run an obvious risk of sexually assaulting their students. See Bd. Of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 418 (1997) ("[I]n the most obvious example, the policymaker sits on his hands after repeated, unlawful acts of subordinate officers . . . . Such a policy choice may be inferred even without a pattern of acts by subordinate officers, so long as the need for action by the policymaker is so obvious that the failure to act rises to deliberate indifference."). Thus, Plaintiff's claim against the Board under Section 1983 based on a policy or custom is dismissed with prejudice.

      b.   The Board's Failuare to Train

As with a policymaker's failure to act under circumstances that exhibit a deliberate indifference to constitutional rights, municipal entities may be similarly liable under Section 1983 if they fail to train their employees or personnel, and such failure exhibits a "deliberate indifference to the rights of persons" with whom they come into contact. Simmons v. City of Philadelphia, 947 F.2d 1042, 1060 (3d Cir. 1991) (citing City of Canton v. Harris, 489 U.S. 378 (1989)). "[M]unicipal liability for failure to train may be proper where it can be shown that policymakers were aware of, and acquiesced in, a pattern of constitutional violations." Bryan County, 520 U.S. at 407 (quotation omitted). "In addition, the existence of a pattern of tortious conduct by inadequately trained employees may tend to show that the lack of proper training . . . is the moving force behind the plaintiff's injury." Id. at 407-08.

Here, the proposed Amended Complaint alleges that the Board's failure to provide its employees and Massaro with sexual harassment training exhibits a deliberate indifference to constitutional rights. As previously discussed, however, the proposed Amended Complaint contains no allegations tending to show (1) that Hirsch knew that E.K. was being sexually assaulted; (2) a pattern or practice of sexual abuse at Frankford or elsewhere within the Board's jurisdiction; or (3) that teachers working within the Board's jurisdiction would logically run a substantial risk of engaging in sexual relations with their students. Consequently, Plaintiff's claim against the Board under Section 1983 based on a failure to train is dismissed with prejudice.

**B.     Plaintiff's Title IX Claim**

The proposed Amended Complaint asserts a claim against Massaro and the Board Defendants for violations of Title IX. In their motion papers, however, the parties agree that Plaintiff may only pursue a Title IX claim against the Board. Consequently, Plaintiff's Title IX claim is dismissed as to all Defendants except the Board.

In addition, BOE Defendants correctly argue that Plaintiff may not, as a matter of law, seek punitive damages under Title IX. See Mercer v. Duke University, 401 F.3d 199, 202 (5th Cir. 2005). Accordingly, Plaintiff's claim under Title IX for punitive damages is also dismissed.

**C.     Counts Three through Six of the Proposed Amended Complaint**

Count three of the proposed Amended Complaint asserts claims against all Defendants for criminal sexual assault under N.J.S.A. 2C:14-2 and criminally endangering the welfare of a child under N.J.S.A. 2C:24-4. Count four asserts a claim against Ms. Massaro and the BOE Defendants for assault, battery, and acts of official misconduct. Count five asserts a claim

against Ms. Massaro for violations of a legal duty of care to Plaintiff under New Jersey Law. Count Six asserts a claim against Ms. Massaro for intentional infliction of emotional distress.

The parties agree that Plaintiff may press these claims only against Ms. Massaro. Thus, Counts four through six of the proposed Amended Complaint are dismissed with respect to all Defendants except Ms. Massaro. Count three is dismissed in its entirety because those criminal statutes do not provide a cause of action to Plaintiff as a private party.

**D.    Plaintiff's Negligence Claims**

The proposed Amended Complaint sets forth a number of negligence claims. Specifically, the seventh cause of action asserts a claim against BOE Defendants, Fialcowitz, Gardner, Abruzzo, DeGroat, Hansen, and Symons for negligent supervision of Ms. Massaro. The eighth cause of action asserts a claim against Centenary College for negligent supervision. The ninth cause of action asserts a claim against BOE Defendants for negligent hiring and retention. The tenth cause of action asserts a claim against BOE Defendants for failing to establish certain policies and procedures to detect and prevent against child abuse, in violation of various provisions of New Jersey law. Finally, the eleventh cause of action asserts a claim against Centenary College, Pratscher, and Sandri for similarly failing to establish certain policies and procedures to detect and prevent against child abuse, and failing to supervise Massaro in her capacity as a Student-Teacher.

As previously discussed, the proposed Amended Complaint fails to allege any facts tending to show contemporaneous knowledge of E.K.'s and Massaro's sexual relations on the part of any Defendant except Orr. And while the proposed Amended Complaint makes general references to negligently failing to (1) provide sufficient supervisory personnel; (2) review Massaro's mental health records and social media accounts; and (3) properly supervise

13

Massaro's activities, it does not set forth facts tending to show (1) a lack of sufficient supervisory personnel; (2) that Defendants knew or had reason to know that Massaro was of questionable mental health or that her social media accounts contained anything sexually inappropriate; or (3) that Defendants were, in fact not adequately supervising Massaro in her capacity as a Student-Teacher.  Accordingly, Plaintiff's seventh and eighth causes of action are dismissed as to all Defendants, except Ms. Orr.[7]

Similarly, Plaintiff's ninth cause of action alleges that BOE Defendants were negligent in hiring and retaining Massaro as a Student-Teacher because they failed to (1) investigate whether Massaro was under active treatment for one or more psychological impairments; and (2) review her social media accounts.  Again, however, Plaintiff fails to allege either that (1) Massaro was, in fact, receiving mental health treatment; or (2) Massaro's social media accounts contained anything sexually inappropriate or that would have called into question her fitness to serve as a Student-Teacher.  Consequently, Plaintiff's ninth cause of action is dismissed as to all Defendants, except Orr.  Because Orr had contemporaneous knowledge of E.K.'s and Massaro's sexual relationship and failed to take steps to remove Massaro from her position at Frankford, Plaintiff may pursue a claim against Orr for negligent retention.

In Plaintiff's tenth and eleventh cause of action, Plaintiff alleges that BOE Defendants, Centenary College, Pratscher, and Sandri failed to follow certain New Jersey Statutes, including those that require establishing policies to detect, prevent, and report child abuse and neglect.  However, Plaintiff fails to allege that Defendants lack any such policies or how their current

---

[7] Plaintiff may, however, pursue a negligent supervision claim against Gardner and Fialcowitz, in a redrafted Amended Complaint, based upon the theory presented in Plaintiff's fifteenth cause of action, but only to the extent that Plaintiff specifies the nature in which they failed to adequately supervise Massaro.

policies fail to comport with New Jersey law. Accordingly, Plaintiff's tenth and eleventh cause of action are dismissed in their entirety.

**E.     Plaintiff's Claim under the NJLAD**

The proposed Amended Complaint asserts a claim against Massaro, BOE Defendants, Fialcowitz, Gardner, Abruzzo, DeGroat, Hansen, and Symons for violations of the NJLAD. Specifically, Plaintiff alleges that those Defendants (1) discriminated against him on the basis of his sex, which resulted in a hostile educational environment; and (2) failed to implement policies and procedures that would prevent against such discrimination.

Plaintiff argues that the New Jersey Supreme Court recognized a cause of action under the NJLAD for gender discrimination that occurs at public schools. In L.W. ex rel. L.G. v. Toms River Reg. Sch. Bd. Of Educ., 189 N.J. 381 (N.J. 2007), the New Jersey Supreme Court recognized a cause of action for a hostile school environment under the NJLAD. In setting forth this cause of action, "an aggrieved student must allege [1] discriminatory conduct that would not have occurred 'but for' the student's protected characteristic, [2] that a reasonable student of the same age, maturity level, and protected characteristic would consider sufficiently severe or pervasive enough to create an intimidating, hostile, or offensive school environment, and [3] that the school district failed to reasonably address such conduct." L.W., 189 N.J. at 402. "[A] school is liable for a hostile school environment when it grants a supervisor authority to control the school environment and the supervisor either abuses that authority or has actual or constructive knowledge of the harassment and fails to take effective measures to end the discrimination." Joyce v. City of Sea Isle City, No. 04–5345, 2008 WL 906266, at *23 (D.N.J. Mar. 31, 2008).

The proposed Amended Complaint successfully alleges a cause of action under the NJLAD against Massaro, Orr, and the Board arising out of E.K.'s and Massaro's sexual relationship.  Indeed, Massaro would not have sexually assaulted E.K. but for his gender.  In addition, a reasonable eighth grader would certainly consider being sexually assaulted by his teacher to create a hostile educational environment.  See Doe v. Schwerzler, 2008 WL 4066338, at *5 (D.N.J. Aug. 27, 2008) (recognizing a cause of action under the NJLAD based on a swim teacher initiating a sexual relationship with a student).  Finally, the proposed Amended Complaint shows that Orr, as a supervisor that has authority over the educational environment at Frankford, failed to reasonably address the sexual relationship between E.K. and Massaro.  Indeed, she was unresponsive to E.K.'s mother's concerns, and eventually reassigned Massaro to Frankford's fifth grade class, where she was able to continue her sexual relationship with E.K.  Consequently, Plaintiff may pursue claims under the NJLAD against Massaro, Orr, and the Board.[8]  However, Plaintiff's claims under the NJLAD against Hirsch, Fialcowitz, Gardner, Abruzzo, DeGroat, Hansen, and Symons are dismissed because, as previously discussed, there is no indication in the proposed Amended Complaint that those Defendants had any knowledge of, or personal involvement in, E.K.'s and Ms. Massaro's sexual relationship.

## F. Plaintiff's Fifteenth Cause of Action

Plaintiff's fifteenth cause of action asserts claims against Gardner, Fialcowitz, and Orr for violations of N.J.A.C. 6A:9-10.3, which, among other things, requires "cooperating teachers" to

---

[8] In addition, at this stage of litigation, Plaintiff may seek punitive damages against the Board under the NJLAD, as the proposed Amended Complaint alleges (1) willful indifference on the part of Orr; and (2) that E.K.'s and Massaro's sexual relationship was particularly egregious. See Cavuoti v. New Jersey Transit Corp., 161 N.J. 107, 113 (1999) (To seek punitive damages under the NJLAD, a plaintiff must show "(1) "actual participation in or willful indifference to the wrongful conduct on the part of upper management" and (2) "proof that the offending conduct [is] 'especially egregious.'" (quotation omitted)).

provide "continuous supervision and weekly conferences to assist teacher candidates in professional development." Plaintiff alleges that, under a "Student Teacher Agreement," both Gardner and Fialcowitz were designated as a cooperating teacher and therefore required to provide direct and continuous supervision to Massaro. Gardner was required to supervise Massaro from January 20, 2009 until March 22, 2009, while Fialcowitz was required to do so from March 23, 2009, to May 16, 2009.

Gardner, however, apparently admitted that she only supervised Massaro from March 22, 2009 until March 30, 2009. Plaintiff alleges that (1) Fialcowitz also failed to continuously supervise Massaro, but not does set forth the manner in which she failed to do so; (2) Massaro had greater access to E.K. in Fialcowitz's eight grade classroom (than if she had been placed in Gardner's fifth grade classroom), but does not state how this was so; and (3) Orr was involved in a decision to modify the terms of the aforementioned Student Teaching Agreement, but fails to specify the nature of the decision, modification, or Orr's involvement in them.

N.J.A.C. 6A:9-10.3 does not itself provide a cause of action against a cooperating teacher for failing to engage in continuous supervision of a Student-Teacher. Thus, as BOE Defendants point out, Plaintiff's claim for violations of N.J.A.C. 6A:9-10.3, is, as a matter of law, a claim for negligence. As such, this claim is dismissed because it is subsumed by Plaintiff's seventh cause of action, which, as previously discussed, asserts a claim for negligent supervision against Orr, Gardner, and Fialcowitz, among others. However, in redrafting an Amended Complaint, Plaintiff may pursue the negligence theory contained in this cause of action, as a part of his seventh cause of action, but only to the extent that Plaintiff sets forth (1) the specific manner in which Gardner and Fialcowitz failed to supervise Massaro pursuant to the terms of the Student

Teacher Agreement and N.J.A.C. 6A:9-10.3; and (2) the specific manner in which Orr modified the terms of the Student Teacher Agreement.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend the Complaint is GRANTED in part and DENIED in part.  The Court rules as follows:

(1) Plaintiff's Motion is GRANTED with respect to Plaintiff's claim under Section 1983 against Massaro and Orr, but DENIED with respect to Plaintiff's claim under Section 1983 against the Board and the other individual Defendants.  Plaintiff's claim under Section 1983 against Defendants, except Massaro and Orr, is dismissed with prejudice;

(2) Plaintiff's Motion is GRANTED with respect to Plaintiff's Title IX claim against the Board, but DENIED with respect to Plaintiff's Title IX claim against the individual Defendants.  Plaintiff's Title IX claim against the individual Defendants is dismissed with prejudice;

(3) Plaintiff's Motion is GRANTED with respect to Plaintiff's claims against Massaro for assault, battery, and acts of official misconduct, but DENIED with respect to those claims against all other Defendants.  Plaintiff's claims for assault, battery, and acts of official misconduct are dismissed, with prejudice, as to all Defendants except Massaro;

(4) Plaintiff's Motion is GRANTED with respect to Plaintiff's claim against Massaro for violations of her legal duty of care to Plaintiff under New Jersey Law and for intentional infliction of emotional distress;

(5) Plaintiff's Motion is GRANTED with respect to Plaintiff's claims against Orr for negligent supervision, hiring, and retention, but DENIED with respect to those claims against all other Defendants. Plaintiff's claims for negligent supervision, hiring, and retention are dismissed, with prejudice, as to all Defendants except Orr;

(6) Plaintiff's Motion is DENIED with respect to Plaintiff's claims for failing to establish certain policies and procedures to detect and prevent against child abuse. Those claims are dismissed with prejudice;

(7) Plaintiff's Motion is DENIED with respect to Plaintiff's claims against Centenary College, Pratscher, and Sandri for failing to supervise Massaro in her capacity as a Student-Teacher. Those claims are dismissed with prejudice;

(8) Plaintiff's Motion is GRANTED with respect to Plaintiff's claims under the NJLAD against Massaro, Orr, and the Board, but DENIED with respect to those claims against Fialcowitz, Gardner, Abruzzo, DeGroat, Hansen, and Symons. Plaintiff's claims under the NJLAD against Fialcowitz, Gardner, Abruzzo, DeGroat, Hansen, and Symons are dismissed with prejudice;

(9) Plaintiff's Motion is DENIED with respect to Plaintiff's claim against Gardner, Fialcowitz, and Orr for failing to supervise Massaro in violation of N.J.A.C. 6A:9-10.3. However, Plaintiff may amend these claims in accordance with this opinion as a part of Plaintiff's seventh cause of action for negligent supervision.

The Court will enter an order implementing this opinion.

                    **/s/ Dickinson R. Debevoise**
                    DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: October 7, 2013